Quinlan, Regina L., J.

INTRODUCTION

The plaintiff, Herbert J. Bober (Bober), brought this action seeking a declaratory judgment against the defendant, the Board of Selectmen (“the Board”) of the Town of Chatham (“Chatham”). After a jury-waived trial, this court orders that judgment enter on behalf of the Board for the following reasons.

FINDINGS OF FACT

Based upon the credible evidence, the Court makes the following findings of fact.
Chapter 641 of the Acts of 1985 (“the Act”) established the Historic Business District Commission (“the Commission”) in the Town of Chatham. According to Section 2 of the Act, the Commission was to consist of five unpaid regular members and two alternate members each of whom shall be appointed by the Board of Selectmen. The Act provided that the initial Commission members were to be appointed to staggered terms. Thereafter, one member was to be appointed each year, after the annual town elections. Members were to be appointed for a term of five years. Alternate members were to be appointed to a term of one year. The Act does not provide for removal of members or of alternate members.
In 1994, the Town of Chatham adopted its home rule charter pursuant to the Home Rule Amendment, art. LXXXJX, and G.L.c. 43B. Part V, Section 5-1(b) of the Chatter provides:
Unless otherwise provided by this charter, the establishment and organization of boards, commissions or committees shall be the responsibility of the board of selectmen. Subject only to express prohibitions of the laws of the commonwealth or the provisions of this charter, the board of selectmen may by vote prescribe the term of office, reorganize, consolidate, create, merge, divide or abolish any town board, commission or committee, in whole or in part, establish such new board, commission or committee as deemed necessary or advisable; and prescribe the functions and responsibilities of such boards, commissions or committees . . .
Part IX, Section 9-1 ¶2 of the Town Charter provides:
*247 Where provisions of this charter conflict with provisions of town by laws, rules, regulations, orders, general laws, special acts and acceptances of general laws, the charter provisions shall govern. All provisions of town bylaws, rules, regulations, orders and special acts notsuperseded by this charter shall remain in force.
[Emphasis supplied.)
On December 2, 1997, Bober was appointed as an alternate member of the Commission to serve “until June 30, 2000, unless sooner revoked or your successor is appointed.” On March 3, 1998, the Selectmen voted to amend Bober’s appointment to end on June 30, 1998 since the Act only permitted appointment of an Alternate member to a one-year term. On June 30, 1998, Bober was appointed as a member of the Commission to serve a three-year term to run through June 30, 2001 “unless sooner revoked or your successor is appointed ...” Shortly thereafter, Bober notified the Selectmen that the Act required that members be appointed to a five-year term. On June 29, 1999, the Selectmen voted unanimously “to correct an error in the length of terms" for the Commission. As a result, Bober was reappointed until June 30, 2003 “unless sooner revoked or your successor is appointed . . .”
On May 8,2001, at the Board of Selectmen meeting, the Board discussed the terms of members of the Commission. According to the minutes of the meeting:
Mr. Hinchey told the Board of Selectmen in light of the annual reappointments coming up on June 30, 2001, it was realized the appointments to the Historic Business District Commission were not in conformance with the enabling Legislation. The Legislation calls for one appointment to expire each year. Mr. Hinchey, on the advice of Town Counsel Bruce Gilmore told the Board they had three options on how to resolve the issue of the length of terms: 1) Gradually correct the error as each appointment is made; 2) Revoke all appointments and name all current members to terms of varying lengths; or 3) Revoke all appointments on June 30, open the vacancies for interviews and fill the vacancies with either current interested members or new members . . .
The Selectmen voted unanimously to follow the third option.
On May 22, 2001, the issue of terms of members of the Commission was again raised during the Selectmen’s meeting. At this meeting, Bober challenged the authority of the Selectmen to revoke the appointment of members. Others objected to the decision of the Selectmen to revoke appointments claims that members of the Commission were being punished.
Notwithstanding the challenges, the Selectmen vote to proceed as voted on May 8th.
On May 24,2001, Mr. William G. Hinchey, the Town Manager of Chatham, forwarded a letter to Bober explaining the decision of the Board. In the letter, Bober was instructed to inform the Board whether or not he was interested in continuing to serve on the Commission. Bober did not seek appointment pursuant to the procedure referred to in the letter. Other members of the Commission who had their appointments revoked did apply and all were appointed to the newly constituted Commission.

DISCUSSION

This court may enter declaratory relief when “an actual controversy has arisen.” G.L.c. 231A, § 1. In this case, the plaintiff Bober asserts that he has been aggrieved by the decision of the Board of Selectmen of the Town of Chatham on May 8, 2001 to revoke the appointment of all members of the Commission notwithstanding the provisions of Chapter 641 of the Acts of 1985 (“the Act”). Bober could have re-applied for appointment as a member of the Commission. He was provided timely notice of this option. Had he done so, the issues raised herein may have been rendered moot. Whether the issue of authority to remove or revoke the appointment of a member of the Commission is governed by the Act or by the Town Charter is still in question.
Chapter 641 of the Acts of 1985 established the Commission for the Town of Chatham. The Act was a special act limited in its application to the Town of Chatham. While the Act detailed the intricacies of appointing members to the Commission, the Act was silent on whether and/or how a member could be removed. The issue was subsequently addressed in the Charter adopted by Chatham in 1995. Part V, Section 5-1(b) (the Board may “prescribe the term of office, reorganize, consolidate, create, merge, divide or abolish any town board”).
Arguing that the Charter adopted by Chatham in 1995 cannot be construed to allow for the revocation of Commission appointments, Bober relies on Del Duca v. Town Administrator of Methuen, 368 Mass. 1, 7 (1975). In Del Duca, members of the planning board established pursuant to G.L.c. 41, §81A were removed following the adoption of an ordinance enacted pursuant to the Methuen charter. All but two were appointed by the town administrator to the new planning board. The provisions of the ordinance with respect to the terms of planning board members were inconsistent with state law, G.L.c. 41, §81A. Noting that “[a] municipality cannot ordinarily remove members of a board or agency established pursuant to a general law, even where there exists cause for removal, unless the general law itself explicitly or implicitly authorizes such removal,” the court held the Methuen ordinance did not authorize removal of the planning board members before expiration of their respect terms.
As noted in Del Duca, “the Home Rule Amendment and the Home Rule Procedures Act.. . permit munic *248 ipalities to exercise any power or function conferrable on them by the Legislature, so long as exercise of that power is ‘not inconsistent’ with the Constitution or a general law enacted pursuant to the Legislature’s retained powers.” Id. at 10.
The major distinction between this case and Del Duca is that the Commission was established by the Act, a special law enacted for the Town of Chatham only and not a “mandatory general law” such as G.L.c. 41, §81 A. The Home Rule Amendment, Art. LXXXIX specifically provides in Section 9:
All special laws relating to individual cities or towns shall remain in effect and have the force of an existing city or town charter, but shall be subject to amendment or repeal through the adoption, revision or amendment of a charter by a city or town in accordance with the provisions of sections three and four. . .
Section three of the Home Rule Amendment provides for the adoption of a town charter. See also G.L.c. 43B, §§19 (“A special law relating to an individual city or town . . . shall be subject to amendment or repeal through the adoption, revision or amendment of a charter by such city or town in accordance with the provisions of sections three and four of said Article LXXXIX unless such special law specifically provides otherwise . . .”) and 20 (“The provisions of any charter . . . shall be deemed consistent with the provisions of any law relating to the structure of city and town government, the creation of local offices, the term of office or mode of selection of local offices, and the distribution of powers, duties and responsibilities among local offices”).
The Charter adopted by the Town of Chatham authorized the Selectmen “to prescribe the term of office, reorganize, consolidate, create, merge, divide or abolish any town board.” Part V, Section 5-1(b). Such a provision is not inconsistent with the Act. The stated purpose of establishing the Commission was “to promote the cultural, economic, and general welfare of the inhabitants of the Town of Chatham.” Chap. 641 of the Acts of 1985. Nothing in the Act precluded the Town from modifying the Act by adopting Charter provisions which either expressly or by implication authorized the removal of an individual member.
Pursuant to the provisions of the Charter, appointments to the Commission were subject to revocation. See Part V, Section 5-1(b) of the Charter. As a result, Bober’s appointment as a member of the Commission could be revoked, by the Board. In his complaint, Bober asserts that the Board did not vote to prescribe or otherwise change the terms of office for the Commission. However, a review of the minutes of the May 8, 2001 Selectmen meeting indicates otherwise. Selectmen Bohman raised the issue of revoking all appointments to the Commission, opening the vacancies for interviews, and filling the vacancies with current members interested in retaining their position or new members. A motion was made in favor of adopting such an approach and the Board voted unanimously in favor. In doing so, the Board was reconstituting the Commission and prescribing the terms of the members to be appointed.
Bober further alleges that the Board did not articulate any cause for the revocation of the terms of Commission members. However, while discussing the issue at the May 8, 2001 Selectmen meeting, Selectman Bohman explained that the rationale in revoking all appointments was to bring the terms into conformity with the requirements of the Act. That same rationale was explained and set forth in a letter forwarded to Bober from the Town Manager of Chatham. The actions of the Selectmen were within the scope of authority conferred by the Charter. The reasons advanced were neither arbitrary nor unreasonable.

ORDER

For the foregoing reasons, the court DECLARES that the defendant Board of Selectmen of the Town of Chatham lawfully removed the plaintiff from his position as a member of the Historic Business District Commission of the Town of Chatham pursuant to the authority of Part V, Section 5-1 (b) of the Charter of the Town of Chatham and that authority was not inconsistent with the provisions of Chapter 641 of the Acts of 1985 (“the Act”).
Therefore, the court ORDERS that judgment enter for the defendant.